517 A.2d 997

**Ann Marie FRANCIS**

v.

**George H. FRANCIS, III, Appellant.**

Superior Court of Pennsylvania.

Argued May 28, 1986.

Filed Nov. 19, 1986.

392

Frank W. Hayes, West Chester, for appellant.

Linda L. MacElree, West Chester, for appellee.

Before WIEAND, BECK and JOHNSON, JJ.

BECK, Judge:

Husband appeals from a Chester County order awarding spousal and child support. Husband and wife separated in 1984. They have two living children, a daughter born in December 1975 and a son born in July 1982. Between these two children, the couple had a third child who lived for nine months. The wife and children reside in the marital home.

Included in the support order were the findings of fact that wife's net monthly income or earning capacity was $1279 and husband's net monthly income or earning capacity was $3500. The portions of the order relevant to this appeal directed the husband to pay $300 a month support for his wife and $900 a month support for his two children, and $100 a month for arrearages. In addition, the order directed the husband to pay a gross amount of $489 a month for mortgage, taxes and insurance on the marital residence for which he receives $324 per month credit toward spousal and child support. The order also directed the husband to continue to pay his daughter's private school tuition, and was made retroactive to the time of filing the complaint. The court conditioned its order on husband's paying "$1,100 per month to Plaintiff [wife] for one-half of net rental of joint property leased to business operated by Defendant [husband] and his brother."

I.

The husband initially complains that the court abused its discretion by enforcing the rental income contract through its support order. We find the husband's challenge to be without merit. It is clear that the court was not enforcing the rental contract through the support order. The court did not order the husband to pay the rental income of $1,100 a month as additional support, but predicated its support order on wife's income from the rental property. It is clear that if the wife had not been entitled to receive the rental income, the support order would have

been higher. Since the property is jointly owned, each party is entitled to one-half the income from the property. The proportionate share of rental income to which wife is entitled was stipulated and therefore the trial court was not in error in conditioning the support order on the wife's receiving one-half the rental income or $1,100 a month.

## II.

The trial court placed the obligation for paying for the daughter's private school solely upon the husband. Review of the record shows that during the marriage the husband removed his daughter from public school in first grade and enrolled her in the private school, which she has attended for more than two-and-a-half years. It appears the husband does not object to child's attending private school. He may even desire it. He challenges the court's assessing the entire cost to him.

The husband attempts to establish an analogy between college and private school to suggest the applicability of the undue hardship test. *See Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa.Super. 640, 190 A.2d 182 (1963). This test is not applicable because:

> [t]he duty of parents to support a child who has reached the age of majority is different from the nearly absolute parental obligation with respect to a minor child. When a child reaches the age of majority, a presumption arises that the duty to support the child ends and the burden shifts to the child to rebut the presumption, i.e. to demonstrate a need for support. *Sutliff v. Sutliff,* 339 Pa.Super. 523, 545–46, 489 A.2d 764, 775 (1985).

To the extent they are able, parents have a duty to provide the subsistence and education that are necessary for their children's physical, mental and emotional health. *See* 42 Pa.Cons.Stat.Ann. § 6302 (Purdon 1982).

■ Parents are legally obligated to provide the *reasonable* expenses of raising their children.

Reasonable expenses are not limited to the bare necessities of life, but extend to articles that are reasonably

necessary for the proper and suitable maintenance of the child in view of his social station in life ... and the fortune possessed by him and his parents.... Among the "necessities" for which a child is entitled to support is a proper education.

*Commonwealth ex rel. Stump v. Church,* 333 Pa.Super. 166, 172, 481 A.2d 1358, 1361 (1984) (citing *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991, 995 (1984)). In *Stump,* the child attending a private college preparatory school was over the age of eighteen. The court determined that private school education was reasonable, and then, because the child was over eighteen, it considered whether the obligation to pay created an undue hardship on the father. The court determined that an undue hardship did not exist. *See Reitmayer v. Reitmayer,* 355 Pa.Super. 318, 323–326; 513 A.2d 448, 452 (1986); *Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa.Super. 115, 184 A.2d 291 (1962).

 Where the child is a minor, however, the applicable test is whether the cost of private schooling is a reasonable need of the child and a reasonable expectation and expense of the parents. In determining if the need is reasonable, the court must determine if the child will benefit from private schooling. In addition the court must determine if private schooling is consistent with the family's standard of living and station in life before the separation. *Sutliff v. Sutliff,* 339 Pa.Super. at 555, 489 A.2d at 780. Based on the record evidence of the advantages to the child, the family's social status as well as the income and earning potential of the father, we can say that the court did not abuse its discretion.

### III.

 The support order included a provision requiring the husband to pay $489 month for mortgage, insurance and taxes on the marital residence occupied by wife and children. The trial court provided that from this sum the husband would receive $324 a month credit toward his spousal and child support obligations. Husband challenges

this calculation and asserts he should be credited with the full $489 a month that he makes toward the mortgage, insurance and taxes. We find no merit to husband's argument.

In determining the amount of credit the husband should be given, the court applied a formula which recognizes that interest payments are in the nature of expenses and that principal payments are in the nature of capital accretions. The monthly interest and principal figures to be used in the formula are the average interest and principal payment that are due over the next three years (or less, if the mortgage has less than three years to run).

The formula was first published in Chester County in *Kinden v. Kinden,* 32 Ches. County 106 (1984) and provides that:

The average interest payment would be considered equivalent to a rental payment, and would simply be considered part of the defendant's GSO [general support obligation], just as a rental payment would be, and would not be grounds for varying the GSO. However, the defendant would also be ordered to pay the plaintiff an amount over and above the GSO which would be sufficient to cover the average principal payment, but would in turn receive a credit towards the GSO of one half of the principal amount, representing the defendant's contribution to the plaintiff's investment in the premises. Plaintiff would then be obliged to make the mortgage payments. If plaintiff failed or refused to make the mortgage payments, the defendant could then make the mortgage payments directly, and would receive credit against his (or her) GSO for one half of the principal payments and the total interest payment.

*Kinden v. Kinden,* 32 Ches. County at 108. The formula used is reasonable and correct and the trial court did not abuse its discretion in applying it. In the context of support this formula may serve as a valuable guide in calculating credit for interest and principal for mortgage payments.

## IV.

■ The husband asserts that the trial court abused its discretion by limiting wife's earning capacity to part-time employment and in its findings regarding wife's income.

There is substantial evidence in the record to support the court's conclusion as to the wife's current net income and earning capacity. The record shows that at the time of the hearing the children were ages two and a half and nine, and that the family has been traumatized by the death of the third child. The record reveals that the wife wishes to remain at home because the children's welfare requires it. The trial court carefully considered the wife's position and properly disposed of this issue in accordance with *Commonwealth ex rel. Wasiolek v. Wasiolek*, 251 Pa.Super. 108, 380 A.2d 400 (1977).

## V.

■ The husband argues that the court's finding as to his earning capacity represents an abuse of discretion. The record contains substantial evidence supporting the trial court's finding of husband's net income and earning capacity. When income and earning capacity are at issue in a self-employment situation, the court may make its own deductions from the evidence and the accompanying circumstances. *Smith v. Smith*, 285 Pa.Super. 146, 151, 426 A.2d 1184, 1187 (1981). The wife's testimony based on her working in husband's business and the wife's accountant's testimony support the trial court's finding.

## VI.

■ Husband complains that in making the support order retroactive to the filing of the complaint, the court failed to take into account his change of circumstances from the time that his wife filed the complaint until the date of the order. Since husband did not file exception to the master's report on this issue, ordinarily the challenge is waived. *Curtis v. Curtis*, 326 Pa.Super. 40, 47–49, 473 A.2d 597, 601–02

(1984). However, because of the unusual posture of this case we do not find waiver.

The court's support order reflects the fact that after the master issued his report the mortgage on the jointly held property was paid off; thereby increasing substantially the amount of net rental income available for distribution to each party. After the mortgage was paid off, each party received $1100 per month in rental income. The increased funds available are reflected in the court's ordering the husband's support obligation to be higher than that recommended by the master; therefore the husband could not have excepted at the master's level to the retroactivity of the higher support order which the court made. There is no provision in the rules for motions for post trial relief subsequent to the court's order. Pa.R.Civ.P. 1910.11(k), 1910.12(g). We do not find the issue waived.

■■■ The court found that after the mortgage payoff each party's gross income increased substantially. The record reveals that the court considered the increase in income before making the order retroactive. Based on the record we cannot conclude that the court abused its discretion in making the order retroactive to the date of the filing of the complaint. Pa.R.Civ.P. 1910.17(a).

## VII.

■■■ The husband argues that the court's finding on the reasonable expenses of the children lacks sufficient evidence in the record. Having reviewed the record, we note that the wife prepared a budget for the children alone and testified extensively as to the expense of maintaining them. The record thus provides substantial evidence for the trial court's finding of reasonable expenses of the children. *See Sutliff v. Sutliff,* 339 Pa.Super. 523, 489 A.2d 764.

Order affirmed.

WIEAND, J., concurs in result.