## Leach v. Leach

C.P. of Chester County, no. 0111N1998.

*Linda K. Bravacos,* for plaintiff.
*Sarah M. Ford,* for defendant.

ENDY, *S.J.,* January 20, 2000—A petition for support for herself and two minor children was filed on January 22, 1998 by Margo G. Leach. The parties were married February 28, 1982, and separated December 3, 1997. They have two minor daughters, Elizabeth Marie, born March 3, 1987 and Caroline Hope, born October 28, 1989, both of whom are in their mother's custody. Margo is 47 years old and has been a self-employed architect for the past 17 years. Her net monthly income is $3,560, derived from her 1998 federal income tax return. Thomas is an attorney, was formerly a partner in the law firm of Drinker, Biddle & Reath and he earned $153,000 in 1995 when he resigned. His departure was not en-

tirely voluntary, but the result of reduction in his performance due to alcoholism and declining productivity. He is currently employed as a law professor in California with some additional related sources of income providing him with a net monthly income of $7,709, derived from his 1998 federal income tax return. There is little if any dispute concerning the respective income of the parties. Applying the guidelines, Pa.R.C.P. 1910.16-3, defendant's child support obligation is $1,620 per month (68.4 percent x $2,370). His spousal support obligation would be $758 per month (30 percent x $2,529).

The plaintiff has raised two issues for the court's consideration, whether the defendant should contribute to tuition for private school and whether mortgage payments justify deviation from the guidelines. Prior to separation, plaintiff testified that she paid for private school tuition and defendant paid for family expenses. The children formerly attended Baldwin, but for the school year beginning in September 1998, the children were enrolled at Westtown School at a cost of $21,000 per year. Both parties have complained about the debt which they have incurred and the difficulty of meeting their living expenses; the cost of private education may present an additional burden. However, since private school has been part of the family lifestyle, perhaps an effort to maintain this privilege for the children is justified. We will require defendant to contribute $875 per month in addition to payment of child support, which will reduce his spousal support obligation to $496 per month.

Plaintiff has also requested consideration be given to deviation from the guidelines on account of the high mortgage payments on the marital home which she and

the children occupy. The principal balance of the mortgage is $257,000. Plaintiff testified that it exceeds the fair market value of the home due to pre-separation borrowing. She also testified that she designed the home which the parties built, and that she does not wish to sell the home because she conducts her business there and uses it as an example of her architectural talents. The monthly mortgage payment is $2,241.26 including taxes and insurance, which is more than 25 percent of $6,551, the total of her monthly income plus child support, tuition and spousal support. Under these circumstances, Pa.R.C.P. 1910.16-6(e) suggests that the court may direct the obligor to assume up to 50 percent of the excess amount, in this case $301, which I believe to be reasonable since a portion of the reduction of principal by each payment redounds to the benefit of the obligor as well as the obligee. *Kinden v. Kinden,* 32 Ches. Cty. Rep. 106 (1984), *affirmed with approval; Francis v. Francis,* 358 Pa. Super. 391, 397, 517 A.2d 997, 1000 (1986).

## ORDER

And now, January 20, 2000, in accordance with the foregoing opinion, and based on the determination of $3,650 as the net monthly income of the plaintiff and $7,709 as the net monthly income of the defendant, it is hereby ordered:

(1) Defendant, Thomas J. Leach, shall pay the sum of $1,620 per month to the support collection and distribution unit in Harrisburg, Pennsylvania for transmittal to Margo G. Leach as child support for two minor children;

(2) Defendant shall pay the additional sum of $875 per month as a contribution toward private school tuition for the said two minor children, so long as they are enrolled at Westtown School;

(3) Defendant shall pay the additional sum of $496 per month as spousal support;

(4) Defendant shall pay the additional sum of $301 per month toward the mortgage on the marital home so long as the said mortgage is current;

` (5) Defendant shall maintain medical insurance for his wife and minor children if available as a benefit of his employment, or available to him by virtue of his employment at a cost not to exceed $250 per month;

(6) Unreimbursed medical expenses in excess of $250 shall be allocated 68 percent to defendant and 32 percent to plaintiff;

(7) This order shall be effective as of January 22, 1998;

(8) The defendant shall pay the additional sum of $1,000 per month on account of arrears until paid in full.

## IMPORTANT LEGAL NOTICE

Parties must within seven days inform the domestic relations section and the other parties, in writing, of any material change in circumstances relevant to the level of support or the administration of the support order, including, but not limited to, loss or change of income or employment and change of personal address or change of address of any child receiving support. A party who willfully fails to report a material change in circumstances may be adjudged in contempt of court, and may be fined or imprisoned.

Pennsylvania law provides that all support orders shall be reviewed at least once every three years if such a review is requested by one of the parties.

A mandatory income attachment will issue unless obligor is not in arrears in payment in an amount equal to or greater than one month's support obligation and (1) the court finds that there is good cause not to require immediate income withholding; or (2) a written agreement is reached between the parties which provides for an alternate arrangement.

It is further ordered, that upon obligor's failure to comply with this order, obligor may be arrested and brought before the court for a contempt hearing; obligor's wages, salary, commissions and/or income may be attached in accordance with law.