J-S03003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

ANNA M. JESKE : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM R. JESKE :
:
Appellant : No. 1000 WDA 2021

Appeal from the Order Entered July 28, 2021
In the Court of Common Pleas of Somerset County Civil Division at
No(s): DRS 0012418

BEFORE: LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED: May 17, 2022**

William R. Jeske (Father) appeals from the order, entered in the Court of Common Pleas of Somerset County, requiring him to contribute to his minor children's tuition at Somerset Christian School (SCS), a private parochial school in Somerset County. After careful review, we affirm in part, vacate in part, and remand for the limited purpose of correcting the typographical or mathematical error in the order.

Father and Anna M. Jeske (Mother) were married in 2009 and divorced in 2020. They are the parents of three minor children, ages 11, 9 and 7. At the time the parties separated, in 2018, all three children were enrolled at SCS. The children have attended SCS throughout their educational careers and remain enrolled there to date.

---

[*] Retired Senior Judge assigned to the Superior Court.

In December 2020, the Somerset County Domestic Relations Office entered a support order requiring Father to pay monthly support in the amount of $1,372.00.  Father filed a demand challenging his income available for support, but later asked for the demand to be withdrawn.  Mother objected, the demand was withdrawn, and Mother appealed that withdrawal.  The court held a hearing on July 2, 2021.  On July 28, 2021, the court entered an order requiring Father to contribute, *inter alia*, 79% of the $10,262.50 tuition costs[1] for the children's' tuition for the 2021-2022 school year.  The order states, in relevant part:

> 1.    The Defendant shall be responsible for 79% of the private school tuition as follows:
>
>> a.    For the school year 2020-2021, retroactive to the effective date of the modification order of October 9, 2020, the Defendant shall pay as a built[-]in arrearage[], $6,494.79. **For the 2021-2022 school year and prior to any fundraising activities, Defendant shall be responsible for direct payments to [SCS,] 79% of $10,262.50[,] or $8,177.37**.[2]

---

[1] The base tuition is $4,725.00 per school year, but a discount is given for a second and third child enrolling from the same family.  Additionally, Mother works at SCS and receives a 20% tuition credit applied to each child's tuition. Because of the multiple-child discount and her employment, as well as her fundraising efforts that reduce the tuition amount, Mother has been able to lower the costs of tuition for all three children to a total of $10,262.50 for the 2021-2022 school year.  Due to Father's travel requirements for his job, he has less opportunity to engage in fundraising activities that would lower his obligation.  **See** N.T. Hearing, 7/2/21, at 44.

[2] We note that 79% of $10,262.50 is $8,107.37, not $8,177.37.   This mathematical or typographical error shall be corrected on remand.

2. All other terms of the December 15, 2020 order shall remain in full force and effect.

Order, 7/26/21 (footnote and emphasis added). Father filed a timely notice of appeal and Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following issues for our review:

1. D[id] the trial court commit an error by utilizing the incorrect tuition amount for determining [Father's] support obligation, despite documentation allegedly provided to the trial court by [Mother]?

2. D[id] the trial court abuse its discretion by failing to consider [Father's] other support obligation to his other child t[h]rough the Court of Common Pleas of Cambria County?

3. D[id] the trial court commit an error by requiring [Father] to be responsible for private religious school tuition, despite his objection to the children's attendance?

Appellant's Brief, at 4.

Our standard review of a child support order is as follows:[3]

Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

*J.P.D. v. W.E.D.*, 114 A.3d 887, 889 (Pa. Super. 2015) (quoting *R.K.J. v. S.P.K.*, 77 A.3d 33, 37 (Pa. Super. 2013)). Moreover, it is within the province

_____

[3] We note Father's Statement of the Scope and Standard of Review in his brief references a custody case, not a support case. *See* Appellant's Brief, at 3.

- 3 -

of the trial court to weigh the evidence and decide credibility; this Court will not reverse those determinations so long as they are supported by the evidence. **Carney v. Carney**, 167 A.3d 127, 131 (Pa. Super. 2017).

First, Father argues the court erred in using the incorrect tuition amount in determining his support obligation because it did not deduct the fundraising credits obtained through Mother's efforts. Father testified that travel obligations for his job require him to be out of the state for most of the year, and thus he is unable to participate in the same fundraising activities as Mother, which would lower his support obligation. **See** N.T. Hearing, at 44; Appellant's Brief, at 8.

Pursuant to Pa.R.C.P. 1910-16-6(d), the trial court ordered Father to pay 79% of the reduced tuition costs, **see** note 1, **supra**, for two academic years, 2020-2021 and 2021-2022, "since Father earns 79% of the parties' combined net monthly income." Trial Court Opinion, 9/10/21, at 3, citing Order, 7/26/21, at 2-3.[4] Father claims the court used an incorrect tuition amount. We disagree.

First, Father submitted no evidence at trial that would suggest that the tuition amount provided by Mother was inaccurate. **See** Pa.R.C.P. 1910-16-6(d)(2) ("Allocation of expenses for which documentation is not timely provided to the other party shall be within the discretion of the court.").

_____

[4] The December 15, 2020 support order was based on Father's net monthly income of $5,084.00 and Mother's net monthly income of $1,301.67. **See** Order, 12/15/20.

Father's claim that the fundraising credits should reduce his obligation is somewhat disingenuous because (1) those credits are based on the amount Mother can raise by participating in monthly fundraising, and there is no indication until the end of the year what that credit will be; (2) Father offered no evidence as to a credit amount; (3) even though Father's time in-state is limited, there is no reason he could not participate in fundraising efforts ("sub" sales, candy sales, pizza sales, or "value card" sales) when he is in state; and (4) Mother offered to help Father with deliveries if he chose to participate. Mother acknowledged that Father was not home often, but testified that

> Bedford Candy [sales] usually last for a month that you can sell it, and then it comes, and you take it and deliver it. So that is something he wouldn't have to be home right then whenever it came. He could deliver it whenever he came back. There are things like that. There are also value cards that we sell every year that he could take part in.

*Id.* at 31-31, 35. Mother also stated that she would help Father with the "leg work" if he were willing to participate in fundraising:

> I would be willing to work with him if he got his family to buy subs . . . I am willing to do that extra leg work[.] . . . So if he would want to do the sub and pizza sales and get them from his family, I would be glad to deliver them because I understand that he does work out of town[.] I don't mind because, in the end, it's for our kids. It's not to help me. It's for the kids.

*Id.* at 35. Mother also testified that she earns $8.50 an hour, so she is quite motivated to engage in fundraising efforts to earn credits, as well as apply for

scholarships and grants. *Id.* at 24-25, 36.[5]    Further, Mother's employment provided a 20% tuition cost reduction, and this benefitted Father as well. *Id.* at 5-6. To be clear, Mother did not seek a reduction in her proportionate share based on her employment discount. *Id.*   We find no error or abuse of discretion. *See J.P.D.*, *supra*.

Next, Father argues the trial court abused its discretion by failing to consider his Cambria County support obligation ($360 per month) to his other minor child, who was 16 at the time of the hearing. Appellant's Brief, at 10. This claim is waived. At the July 2, 2021 hearing, neither party challenged the underlying support obligation.  Father may seek modification of the December 15, 2020 support order if he chooses, but that claim is not properly before us at this time. *See* Pa.R.A.P. 302(a).

Finally, Father argues the court erred in ordering him to be responsible for private religious school tuition, despite his objection to the children's attendance. This claim, too, is meritless.

Pennsylvania Rule of Civil Procedure 1910.16-6(d) acknowledges that "[e]xpenditures for needs outside the scope of typical child-rearing expenses, e.g., private school tuition, summer camps, have not been factored into the Basic Child Support Schedule." Pa.R.C.P. 1910.16-6(d).  Thus, the guideline provides:

---

[5] Father acknowledged that Mother's efforts in assisting with tuition. *See* N.T. Hearing, *supra* at 42.

> (1) If a party incurs an expense for a need not factored into the Basic Child Support Schedule and the trier-of-fact determines the need and expense are **reasonable**, the trier-of-fact shall allocate the expense. The trier-of-fact may order that the obligor's expense share is added to his or her basic support obligation, paid directly to the service provider, or paid directly to the obligee.

Pa.R.C.P. 1910.16-6(d)(1) (emphasis added). A parent can be required to pay for expenses under Rule 1910.16–6(d) even if he or she does not believe they are necessary, when the activities are beneficial to the child in question and "the expenses associated with these activities are consistent with the family's standard of living and station in life." *Silver v. Pinskey*, 981 A.2d 284, 302 (Pa. Super. 2009) (en banc) (citation omitted).

A private school education may be a reasonable need for children "if it is demonstrated that the child[ren] will benefit from such and if private schooling is consistent with the family's standard of living and station in life prior to separation." *Murphy v. McDermott*, 979 A.2d 373, 377 (Pa. Super. 2009) (citing *Gibbons v. Kugle*, 908 A.2d 916, 921 (Pa. Super. 2006)).

Here, the record supports the court's findings that: (1) the children's enrollment at SCS predated the parties' separation; (2) both parties consented to the children's enrollment at SCS during the marriage; and (3) Father had "no complaint" with the children's education or treatment at SCS. *See* N.T. Hearing, 7/2/21, at 12-13, 38-40, 46-47. The court determined that private schooling was "consistent with the family's standard of living and station in life before separation" and that private school "is a reasonable need

of the children and a reasonable expectation and expense of the parents." Trial Court Opinion, *supra* at 4.

This Court is aware of the expense of a private education, and we infer from the record that Mother does not seek contribution toward the children's education to penalize Father. It is clear she needs assistance to continue to provide their children with the education to which they have become accustomed. The record supports the court's determinations. We find no error or abuse of discretion. *See J.P.D.*, *supra*. *See also Francis v. Francis*, 517 A.2d 997, 1000 (Pa. Super. 1986) ("[T]he applicable test is whether the cost of private schooling is a reasonable need of the child and a reasonable expectation and expense of the parents.").

Order affirmed in part, vacated in part, and remanded for correction. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2022